UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SANDRA CHARLES,

        Plaintiff,                              Hon. Ellen S. Carmody

v.

                                          Case No. 1:17-cv-549

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 39 years of age on her alleged disability onset date. (PageID.180). She successfully completed high school and worked previously as a mail clerk. (PageID.52, 65). Plaintiff applied for benefits on April 25, 2014, alleging that she had been disabled since June 30, 2005, due to "emotional impairments" and "memory problems." (PageID.180-95, 224). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.114-78).

On December 18, 2015, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (PageID.87-112). The ALJ held a supplemental hearing on February 24, 2016, at which Plaintiff and a vocational expert testified. (PageID.59-86). In a written decision dated March 31, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.44-54). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.32-37). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 32, 2010. (PageID.46). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must

establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) borderline intellectual functioning; (2) adjustment disorder; (3) anxiety disorder; and (4) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.46-48).  With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) she is limited to simple, routine tasks; (2) she can engage in only occasional public contact; and (3) cannot perform fast-paced work.  (PageID.48).

Based on the testimony of a vocational expert, the ALJ found that Plaintiff was able to perform her past relevant work as a mail clerk.[2]  (PageID.80-81).  The vocational expert also testified that there existed approximately 850,000 jobs in the national economy which Plaintiff could perform consistent with her RFC.  (PageID.80-81).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have

---

[2] The vocational expert characterized Plaintiff's past work as a mail clerk as light/unskilled work which Plaintiff actually performed at the sedentary level.  (PageID.108).

5

deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I. **Medical Evidence**

The record before the ALJ contained just twenty (20) pages of medical treatment records. (PageID.315-43). The ALJ described this evidence, as well as Plaintiff's statements and testimony, as follows:

> Turning to the evidence, in complete contradiction to her allegation of disability back to 2005, the record is conspicuously absent any medical or psychiatric treatment until late 2013. Therefore, despite the claimant's subjective reports of a history of anxiety and depression, there is no objective support for her statements. In fact, the claimant admitted she had no difficulties from any impairment until after her divorce in early 2013 (Ex 3F/2). Accordingly, the undersigned finds the claimant had no medically determinable impairment prior to the date last insured, December 31, 2010.
>
> When she finally met with a primary care provider in November 2013, she offered no mental health complaints, nor was any sign of mental illness noted. Rather, her mental status was completely normal. Also at that time, no prescription for psychotropic medication was provided (Ex 5F/2-4). Subsequently, the claimant again had no treatment for an extended period, as she did not return for additional care until November 2014. Nevertheless, despite alleging a history of mental health issues, particularly since her divorce, it was not until this appointment in 2014 that she was given psychotropic medication (Ex 5F/1).
>
> Of note, shortly after being started on medication, she admitted she was doing well. This admission was made during a February 2015 appointment with the primary care provider. Moreover, she denied any significant mental health symptoms. The provider also documented no overt signs of mental distress (Ex 6F). Such evidence weighs against the claimant's allegations. Likewise, the February 2015 appointment was the only time the claimant met with her primary care provider that year which also reduces her overall credibly.

Based on this, it is clear the claimant never received any form of consistent mental health treatment. Until she finally met with a psychologist for treatment in November 2015, she had no dedicated psychiatric treatment of any kind (Ex 7F). Prior to this, the claimant's only treatment was extremely conservative in nature and consisted of psychotropic medication through her primary care provider. Even this was not consistent, however.

The only medical documentation offering any substantive support to the claimant's allegations, despite the support being quite limited, is a report from a psychological consultative examination dated June 2014. The claimant informed the examiner that she felt anxious around other people. Yet, she added she occasionally attended church services at the mission where she resides and that she visited other people at times (Ex 3F). In addition, problems with the accuracy of the claimant's information related to custody of her daughter, parenting time, traveling, etc. was noted by the examiner. These indicated at least some limitation in the areas of social functioning and maintaining concentration, persistence, or pace.

During the exam, she was described as polite and cooperative, but not socially engaging. She also mumbled at times, but was understandable. Only minor difficulties with memory were noted. She performed basic calculations very slowly, but still made some mistakes. The claimant also made sporadic eye contact and appeared rather withdrawn (Ex 3F). Aside from this, however, her examination was largely within normal limits.

The claimant was also administered an intelligence test in June 2014. In short, the claimant's verbal comprehension score was 76, perceptional reasoning was 73, working memory was 71, and processing speed was 68. Overall, her full scale IQ was 67 (Ex 4F). These results generally support the limiting to simple work as specifically described in the residual functional capacity, but do not support any additional limitation. Also of note, contrary to the indication that such scores were consistent with a diagnosis of mild intellectual disability, such a diagnosis cannot be considered as the claimant demonstrated no limitation in adaptive functioning prior to age 22.

Incidentally, she told the examiner she was able to care for her 6-year-old daughter every other weekend, which she stated was the high light of her life. Yet, prior to her divorce, she stayed

> home and was fully capable of managing her home and caring for her daughter. Overall, regardless of her complaints that her symptoms had increased since the divorce and she felt overwhelmed with her current situation, the evidence does not support a finding of disability in this case. This is further supported by her admissions that she was fully capable of managing her home and caring for her daughter prior to the divorce, and that if she could find stable housing and income, she could do so again (Ex 3F/2-3).

(PageID.49-50).

## II.     Section 12.05 of the Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff asserts that she is entitled to relief on the ground that the ALJ "failed to properly consider Listing 12.05(C)." Section 12.05 of the Listing provides, in relevant part, the following:

> 12.05 Intellectual Disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.   Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B.   A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05 (2015).

Plaintiff asserts that she satisfies section 12.05(C). As the ALJ recognized, testing conducted in June 2014 indicated that Plaintiff possessed a full-scale IQ of 67. As the ALJ further concluded, however, Plaintiff does not satisfy Section 12.05 of the Listings because she "demonstrated no limitation in adaptive functioning prior to age 22" as required by this Listing. An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)).

Plaintiff argues that had the ALJ more fully developed the record, "she would have met the requirements for Listing 12.05(C)." However, Plaintiff has failed to identify any additional evidence which would support a different result. Plaintiff bears "the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003). As the

9

relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate her claim for benefits. *See* 20 C.F.R. §§ 404.1512 and 404.1514. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir*, 58 Fed. Appx. at 115 (emphasis added); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002). In support of her argument that she satisfied these "special circumstances," Plaintiff has overstated and mischaracterized the record. For example, Plaintiff asserts that she testified to the ALJ that "she needed guidance from the bus drivers when using public transportation." (ECF No. 10 at PageID.392). What Plaintiff actually stated to the ALJ was that "the bus drivers will help you if you don't know" where you are going. (PageID.72). However, Plaintiff did not state or even suggest that she was unable to use public transportation. While the meager evidence in this matter indicates that Plaintiff is certainly limited in her ability to function, the record does not suggest that Plaintiff was incapable of advocating her cause.

Furthermore, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social*

*Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 344 Fed. Appx. 181, 189 (6th Cir., Aug. 27, 2009). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Ibid*.

In sum, the record before the ALJ was sufficient to adjudicate Plaintiff's claims. Moreover, aside from old school records which, as discussed below, do not support Plaintiff's disability claim, Plaintiff has failed to identify any evidence which further development of the record would have secured. Accordingly, the Court is not persuaded that the ALJ failed to properly develop the record. The ALJ's conclusion that Plaintiff failed to satisfy Section 12.05(C) is likewise supported by substantial evidence. Accordingly, this argument is rejected.

### III.     Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence.

Aside from arguing that the ALJ failed to fully develop the record, Plaintiff's argument is essentially that the ALJ should have weighed the evidence differently. This is not a proper basis for relief. *See, e.g., Reynolds v. Commissioner of Social Security*, 424 Fed. Appx.

411, 414 (6th Cir., Apr. 1, 2011) (the court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ"). A review of the record reveals that the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.[3]

IV.     **Sentence Six Remand**

In support of her challenge to the ALJ's decision, Plaintiff submitted evidence to the Appeals Council that was not presented to the ALJ. (PageID.344-69). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. Plaintiff has also submitted to this Court additional evidence that likewise was not presented to the ALJ. (ECF No. 10-1 at PageID.398-406).

This Court is precluded from considering this evidence. *See, e.g., Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *See Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711

---

[3] The Court does question whether Plaintiff can perform work at all exertional levels as the ALJ concluded, but any error in this regard is harmless. The jobs which the vocational expert identified are light duty jobs and there is substantial evidence in the record that Plaintiff can perform work at this exertional level.

(6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

It is not reasonable to conclude that consideration of the evidence in question would have resulted in a different outcome. The treatment records Plaintiff submitted, (PageID.344-69), do not call into question the ALJ's RFC assessment. To the contrary, treatment notes dated February 12, 2015, indicate that Plaintiff, with respect to her depression and anxiety, was "doing well" on her current medication regimen. (PageID.356-57). Treatment notes dated January 12, 2016, indicate that while Plaintiff reported experiencing "situational sadness and anxiety. . .her prescribed medications seem to help address such symptoms." (PageID.365-66). Treatment notes dated March 14, 2016, likewise indicate that Plaintiff was experiencing "no anxiety and no depression" on her current medication regimen. (PageID.355). As for the educational records Plaintiff submitted with her brief, such do not support the argument that Plaintiff experienced "subaverage general intellectual functioning with deficits in adaptive functioning" prior to the age of 22. Accordingly, the Court cannot consider this evidence and there exists no basis for remanding this matter for further consideration of such. This argument is, therefore, rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Dated: September 13, 2018  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge